IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LEONARD P. MACHULAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 424-174 |
| ) | |
| SHELL POINT MORTGAGE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff, proceeding *pro se*, filed the above-captioned case on August 13, 2024. (Doc. no. 1.) A Rule 26 Instruction Order was issued, which explained "the parties" must confer and submit the report required by Federal Rule of Civil Procedure 26(f) within a certain time period determined by service of the complaint on or appearance of a defendant. (See doc. no. 2.) Although Plaintiff claims he served Defendant by mail, (see doc. no. 6, p. 1), Plaintiff has filed no proof he served Defendant pursuant to Fed. R. Civ. P. 4(l), nor has Defendant appeared in this case, (see doc. no. 3); Fed. R. Civ. P. 4. However, on November 8, 2024, Plaintiff filed a 26(f) Report signed only by him, asserting no conference has taken place because "they won't talk to me." (See doc. no. 6.)

As the filing requires the participation of Plaintiff and all Defendants in the conference, followed by submission of a jointly signed report, the Report filed on October 20th signed only by Plaintiff is a nullity. The Court **DIRECTS** the **CLERK** to terminate the motion associated with the procedurally improper Report. (Doc. no. 6.)

The Court reminds Plaintiff that **all** parties must confer and submit the report required by Federal Rule of Civil Procedure 26(f).  (See doc. no. 2); Fed. R. Civ. Pro. 26(f).  Moreover, Plaintiff must familiarize himself with the rules of this Court because all litigants, including those proceeding *pro se*, must comply.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court.").

SO ORDERED this 14th day of November, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA