IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| LEONARD P. MACHULAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 424-174 |
| | ) | |
| SHELL POINT MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff filed the above-captioned case on August 13, 2024. (Doc. no. 1.) Because he is proceeding *pro se*, on August 14, 2024, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the August 14th Order so that Plaintiff could determine the appropriate method of service for Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.) The Court further reminded Plaintiff of his responsibility for effecting service of process in its November 4, 2024 Order denying Plaintiff's motion for appointment of counsel. (Doc. no. 5, p. 2.)

When the ninety days for effecting service under Fed. R. Civ. P. 4(m) had expired and there was no evidence Defendant had been properly served, the Court entered an Order on

November 18, 2024, directing Plaintiff to show cause why the case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 4; see also doc. no. 6, p. 1.) After the Court entered its November 18th Order, Plaintiff filed a "Certificate of Service," which consisted of certified mail receipts of unspecified documents to Defendant, as well as letters from Plaintiff explaining he had called Defendant multiple times but was having difficulties communicating with Defendant. (Doc. no. 9.) The docket reflects Plaintiff requested, and the Clerk of Court issued, summons for the first time on November 21, 2024. (Doc. no. 10.)

In response to the Court's November 18th Order, Plaintiff wrote a letter to the Court, explaining he requested summons from the Clerk of Court after receiving the November 18th Order, faxed a copy of the summons to Defendants, and provided summons to the Greenville County Sheriff's Department to effectuate service. (Doc. no. 11.) The Court cautions Plaintiff, as explained in the Court's August 14, 2024 Order, that delivering summons without a copy of the complaint is insufficient under Federal Rule of Civil Procedure 4 to effect service. (See doc. no. 3 (citing Rule 4 and directing Clerk to provide Plaintiff with copy of the Rule); Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").)

In sum, Plaintiff has not properly effectuated service nor provided the Court with sufficient proof of service pursuant to Rule 4. Although Plaintiff is appearing *pro se*, he must still follow the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (explaining *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Nevertheless, in an abundance of caution, the Court will exercise its discretion to extend the service period. See Horenkamp v.

Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).  Plaintiff shall have through and including **February 7, 2025**, to properly effect service of process.  Plaintiff must provide proof of service as explained in Fed. R. Civ. P. 4(l).

To ensure Plaintiff has a copy of the Rule first provided to him on August 14th, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 4, including the appended forms, to Plaintiff's service copy of this Order so that Plaintiff can provide the required information to Defendant, verify the appropriate method of service for Defendant, and provide sufficient proof of service.

Failure to effect service by February 7th will result in dismissal of any unserved Defendant or of this entire action without further notice.  No further extensions of time shall be granted.

SO ORDERED this 9th day of December, 2024, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA