IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LEONARD P. MACHULAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 424-174 |
| | * | |
| SHELL POINT MORTGAGE COMPANY, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant's motion to dismiss. (Doc. 14.) For the following reasons, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed suit against Defendant on August 13, 2024, asserting that the basis for jurisdiction is a federal question, specifically, civil liability under 1639G and 1639F, and the amount in controversy is $1,600.00.[1] (Doc. 1, at 3-4.) Plaintiff alleges the following facts: he was looking for a trailer for a long time, and on December 1, 2022, he found one to take over the payments on to buy. (Id. at 6.) Plaintiff called Defendant and discovered the balance on the loan was $15,896.36. (Id.) On February 23, 2023, he called Defendant again to find out

---

[1] The Court notes Plaintiff's filings are very hard to decipher. Thus, the recitation of facts herein is based on the Court's best reading of the allegations.

the balance on the trailer, and it was the same as on December 1, 2022, but he did not push the issue because he wanted to move the trailer to his land. (Id.) On February 24, 2023, Plaintiff went to the bank to pay off the balance on the loan, and Defendant had added items that moved the total to $17,000.00. (Id.) Plaintiff paid the total because he wanted the trailer moved. (Id.) On March 3, 2023, he was told his payment was late and was charged $133.20. (Id.) He moved the trailer to his land and started the fight against Defendant. (Id.)

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed – me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

2

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (alteration adopted). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim.[2] (Doc. 14.) It argues there is no subject matter jurisdiction because "Plaintiff marks the box for federal question as the basis for jurisdiction" but "[t]here is no specific description of any federal code section or other federal provision to form the basis for federal jurisdiction

---

[2] Defendant also represents it was incorrectly named and is properly named NewRez LLC d/b/a Shellpoint Mortgage Servicing. (Doc. 14, at 1.)

3

under 28 U.S.C. § 1331." (Id. at 5.) Additionally, Defendant argues Plaintiff "provides no sufficient allegation of the jurisdictional monetary threshold to establish diversity jurisdiction." (Id. at 5-6.) Alternatively, Defendant argues Plaintiff's claims must be dismissed for failure to state a claim under Rule 12(b)(6) because he states no cause of action or argument that Defendant can comprehend or respond to. (Id. at 6.) Defendant asserts it is a mortgage loan servicer, and Plaintiff is not and was not a borrower on a loan Defendant services, so the relationship Plaintiff asserts is unclear. (Id.) Finally, Defendant asserts and reserves the defense that it was not properly served because Plaintiff mailed it the summons and complaint. (Id. at 7.) It argues Plaintiff did not serve the registered agent's address in Georgia or even the out of state principal address, so service was improper. (Id. at 7-8.)

In response to the motion to dismiss, Plaintiff filed a "rebuttal" in which he states Defendant took his checks, never sent him any receipts, and has given him a "big run around from the start." (Doc. 20, at 1.) Plaintiff provided no clear response to Defendant's arguments for dismissal. The Court addresses Defendant's arguments in turn.

**A. Subject Matter Jurisdiction**

Plaintiff asserts subject matter jurisdiction as federal question, alleging civil liability under 1639G and 1639F. (Doc.

4

1, at 3.) Following the Court's obligation to construe *pro se* filings liberally, the Court assumes Plaintiff asserts his claims under 15 U.S.C. § 1639g, requests for payoff amounts of home loan, and 15 U.S.C. § 1639f, requirements for prompt crediting of home loan payments. See Gilbert v. Daniels, 624 F. App'x 716, 717 (11th Cir. 2015) (citation omitted). Since these are federal statutes, the Court finds Plaintiff asserted a sufficient basis for federal jurisdiction and turns to Defendant's second argument for dismissal. Blue Cross & Blue Shield v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (holding subject matter jurisdiction is only lacking if the claim has no plausible foundation).

**B. Failure to State a Claim**

Next, Defendant argues Plaintiff's complaint fails to state any viable claim. (Doc. 14, at 3.) Defendant argues Plaintiff's complaint is very hard to read, but that upon attempting to decipher it, he states no coherent claim, cause of action, or argument that Defendant can comprehend or respond to. (Id. at 6.) The Court agrees. Not only is Plaintiff's complaint difficult to decipher, from what the Court can interpret, Plaintiff has not stated a claim. Plaintiff alleges the loan balance did not change from December to February despite him making payments, but he puts forth no viable legal basis for his claim under the referenced statutes. (See Doc. 1, at 4.) In fact, Plaintiff in no way connects his factual assertions to the statutes, or explains how

5

the facts create a legal claim against Defendant. Thus, he fails to satisfy his burden under Rule 8, which requires "more than an unadorned, the – defendant – unlawfully – harmed – me accusation." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff's arguments that Defendant's lawyer ignored his calls, Defendant took his checks and never sent him receipts, and that they gave him a "big run around" are insufficient to overcome his pleading obligations. (Doc. 20, at 1.) Ultimately, the Court finds Plaintiff failed to provide "a short and plain statement of the claim showing that [he] is entitled to relief" or giving the Defendant fair notice of both the claim and the supporting grounds. Twombly, 550 U.S at 555. As such, Defendant's motion to dismiss (Doc. 14) is **GRANTED**.

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 14) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of May, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA